Filed 9/9/25  P. v. Simmons CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337992 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA464696) |
| v. | |
| RON SIMMONS, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed in part and reversed in part with directions.

Jennifer A. Gamble, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

This is Ron Simmons's second appeal. In his first appeal we affirmed his convictions on one count of actively participating in a criminal street gang conspiracy, 10 counts of first degree burglary, two counts of first degree robbery, and one count each of torture and mayhem in connection with one of the burglaries. The trial court sentenced Simmons to a determinate term of 46 years four months and a concurrent indeterminate term of 15 years to life. We directed the trial court, however, to correct two sentencing errors and to apply all applicable ameliorative legislation enacted while Simmons's appeal was pending.

On remand, and following the parties' stipulation, the trial court sentenced Simmons to a prison term of 16 years and a concurrent term of life and dismissed the gang enhancement under Penal Code section 186.22, subdivision (b)(1).[1] Simmons argues, the People concede, and we agree his conviction for actively participating in a criminal street gang conspiracy must be reversed because the elements of criminal street gang conspiracy incorporate certain definitions in section 186.22 that Assembly Bill No. 333 (2021-2022 Reg. Sess.) amended. We reverse this conviction only and direct the trial court to allow the People to retry Simmons on this count or to move to dismiss it.

---

[1]      Statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Simmons of Multiple Crimes, the Trial Court Sentences Him, and We Affirm the Convictions and Remand for Resentencing*

Simmons and several other members of a criminal street gang went on a crime spree in 2017 and 2018. A jury convicted him on one count each of actively participating in a criminal street gang conspiracy (§ 182.5), mayhem (§ 203), and torture (§ 206), and on multiple counts of first degree burglary (§ 459) and first degree residential robbery (§ 211). The jury also found true the allegation Simmons committed most of the offenses for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)). The trial court sentenced Simmons to a determinate prison term of 46 years four months and a concurrent indeterminate term of 15 years to life.

We affirmed Simmons's convictions, but directed the trial court to correct two sentencing errors. We also directed the trial court to conduct a full resentencing, including under section 1170, subdivision (b)(2), which the Legislature enacted while Simmons's first appeal was pending,[2] and "any other

---

[2] "Under section 1170, subdivision (b), as amended by Senate Bill 567, upward departures from the middle term to the maximum may be imposed 'only if "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at

3

ameliorative legislation that became effective January 1, 2022."
(*People v. Simmons*, March 25, 2022, B307747 [nonpub. opn.].)

B.      *The Court Resentences Simmons*

On remand Simmons, representing himself, filed a motion titled, "Points and authorities in support of motion for new trial and in the alternative, to reduce offense for lack of proportionality." (Capitalization omitted.) Simmons argued, among other things, that the People did not "appropriately" analyze or pursue exculpatory evidence and that "recent amendments to the gang enhancement statute require reversal of the jury's true finding of sections . . . 182.5 and 186.22 gang enhancements." The People argued Simmons did not identify what exculpatory evidence he was referring to, but the People conceded the court should strike the gang allegation "in accordance with the remittitur" and Assembly Bill No. 333.

Shortly before the hearing on Simmons's motion and resentencing, the parties stipulated the court could sentence Simmons to an aggregate prison term of 16 years, plus life with the possibility of parole. The stipulation also stated the People would ask the court to dismiss the gang allegations.

The trial court denied Simmons's motion for new trial and resentenced him. Pursuant to the parties' stipulation, the court dismissed each of the gang allegations under section 186.22, subdivision (b)(1), and imposed an aggregate prison term of 16 years and a concurrent term of life with the possibility of

---

trial by the jury or by the judge in a court trial [after a jury waiver].""" (*Lovelace v. Superior Court* (2025) 108 Cal.App.5th 1081, 1091.)

4

parole. The court also imposed and stayed execution under section 654 of a term of six years on Simmons's conviction for actively participating in a criminal street gang conspiracy (§182.5). Neither the parties nor the court discussed reversing Simmons's conviction for actively participating in a criminal street gang conspiracy.

## DISCUSSION

Simmons argues, the People concede, and we agree his conviction for actively participating in a criminal street gang conspiracy under section 182.5 must be reversed. We will direct the trial court to allow the People to retry the charge or move to dismiss it.

> A. *Assembly Bill No. 333 Applies Retroactively to Simmons's Conviction Under Section 182.5*

Section 182.5 states: "Notwithstanding subdivisions (a) or (b) of Section 182,[3] any person who actively participates in any criminal street gang, as defined in subdivision (f) of Section 186.22,[4] with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, as defined in

3      Section 182, subdivision (a), defines and prescribes penalties for conspiracy. Section 182, subdivision (b), requires the People to allege and prove an overt act when such an act is necessary to constitute the offense.

4      Section 186.22 defines the crime of actively participating in a criminal street gang and provides for enhanced sentences or alternate penalties for gang-related crimes. (See *People v. Tran* (2022) 13 Cal.5th 1169, 1205-1206.)

5

subdivision (e) of Section 186.22, and who willfully promotes, furthers, assists, or benefits from any felonious criminal conduct by members of that gang is guilty of conspiracy to commit that felony and may be punished as specified in subdivision (a) of Section 182." (See *People v. Elizalde* (2015) 61 Cal.4th 523, 539; *People v. Johnson* (2013) 57 Cal.4th 250, 261; *People v. Hinojos* (2025) 111 Cal.App.5th 19, 33.)

Effective January 1, 2022, Assembly Bill No. 333 (2021-2022 Reg. Sess.) changed the definition of certain terms in section 186.22. (Stats. 2021, ch. 699, § 1; see *People v. Aguirre* (2025) ___ Cal.5th ___, ___ (Aug. 28, 2025, S175660) [2025 Cal. Lexis 5621, p. 140]; *People v. Fletcher* (2025) ___ Cal.5th ___, ___ (Aug. 25, 2025, S281282) [2025 Cal. Lexis 5512, p. 9]; *People v. Lopez* (2022) 82 Cal.App.5th 1, 11 (*Lopez*).) "'First, it narrowed the definition of a "criminal street gang" to require that any gang be an "ongoing, *organized* association or group of three or more persons." [Citation.] Second, whereas section 186.22, former subdivision (f) required only that a gang's members "individually *or* collectively engage in" a pattern of criminal activity in order to constitute a "criminal street gang," Assembly Bill 333 requires that any such pattern have been "*collectively* engage[d] in" by members of the gang. [Citation.] Third, Assembly Bill 333 also narrowed the definition of a "pattern of criminal activity" by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang "members," as opposed to just "persons"; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than

6

the currently charged offense. [Citation.] Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any "common benefit" be "more than reputational."'" (*People v. Clark* (2024) 15 Cal.5th 743, 752-753; see § 186.22, subds. (e), (f), & (g); *People v. Tran* (2022) 13 Cal.5th 1169, 1206.)

Because section 182.5 incorporates section 186.22, subdivisions (e) and (f), which Assembly Bill No. 333 amended, the requirements for proving the offense of actively participating in a criminal street gang conspiracy have also changed. (See *Lopez*, *supra*, 82 Cal.App.5th at p. 18 [Assembly Bill No. 333 "made no changes to the text of section 182.5," but "certain elements of the gang conspiracy offense proscribed by section 182.5 are defined by incorporation of provisions that *were* amended by Assembly Bill 333, namely section 186.22, subdivisions (e) and (f)"]; see also *People v. Rojas* (2023) 15 Cal.5th 561, 565 ["the Legislature substantially narrowed section 186.22(f)'s definition of 'criminal street gang' and, by extension, what it means to 'further the activities of the criminal street gang' for purposes of the special circumstance in section 190.2(a)(22)"]; *People v. Tran*, *supra*, 13 Cal.5th at p. 1207 [the "changes [under Assembly Bill No. 333] have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' with obvious benefit to defendants"].)

Simmons argues, the People concede, and we agree Assembly Bill No. 333 applies to his conviction under section 182.5. In *People v. Tran*, *supra*, 13 Cal.5th 1169 the Supreme Court held "the changes to the elements of a section 186.22 gang enhancement" by Assembly Bill No. 333

7

apply "'to all cases that are not yet final as of the legislation's effective date.'" (*Tran*, at pp. 1206-1207; see *People v. Fletcher, supra*, ___ Cal.5th at p. ___ [2025 Cal. Lexis 5512, p. 10] ["changes to section 186.22 are retroactive to all cases . . . that were pending on appeal when Assembly Bill 333 went into effect"].) And the People do not argue that applying Assembly Bill No. 333 to Simmons raises any constitutional issues.[5]

> B.    *Simmons's Conviction for Actively Participating in a Criminal Street Gang Conspiracy Must Be Reversed*

"When a substantive change occurs in the elements of an offense and the jury is not instructed as to the proper elements, the omission implicates the defendant's right to a jury trial under the Sixth Amendment, and reversal is required unless 'it appears beyond a reasonable doubt' that the jury verdict would have been the same in the absence of the error." (*People v. Tran, supra*, 13 Cal.5th at p. 1207; see *People v. Aguirre, supra*, ___ Cal.5th at p. ___ [2025 Cal. Lexis 5621. p. 146] ["[b]ecause the absence of findings made under the revised standard for proving a pattern of criminal gang activity was not harmless, we reverse defendant's

---

[5]     In fact, Simmons argues, the People concede, and we agree that applying amended section 186.22, subdivisions (e) and (f), to Simmons's conviction under section 182.5 is lawful. (See *Lopez, supra*, 82 Cal.App.5th at p. 7 ["Assembly Bill 333's amendments to section 186.22, subdivisions (e) and (f), lawfully apply to the gang conspiracy statute"]; see also *People v. Rojas, supra*, 15 Cal.5th at p. 566 ["the application of Assembly Bill 333 to the gang-murder special circumstance does not violate the limitation on legislative amendment in [the voter initiative that enacted the special circumstance]"].)

conviction of active participation in a criminal street gang . . . and the true findings on the gang enhancements"]; *Lopez, supra*, 82 Cal.App.5th at p. 14 ["'where newly required elements were "never tried" to the jury,'" the proper remedy "'is to remand and give the People an opportunity to retry the affected charges'"].) The People do not argue the evidence established beyond a reasonable doubt the jury's verdict would have been the same had the jury received instructions on the new requirements to prove the elements of section 182.5. In light of the People's concession, we reverse Simmons's conviction for actively participating in a criminal street gang conspiracy and direct the trial court to allow the People to retry the charge or move to dismiss it.

## DISPOSITION

Simmons's conviction under section 182.5 is reversed, and the trial court is directed to allow the People to retry the charge or move to dismiss it. In all other respects, the judgment is affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.          FEUER, J.

9